UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ANDREW J. FRESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00075-MPB-RLY |
| | ) | |
| CENTERPOINT ENERGY INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER MOTION EXTENSION OF TIME AND TO PROVIDE COURT WITH ADDITIONAL JURISDICTIONAL BRIEFING**

This matter is before the Court on Plaintiff's *Motion for Extension of Time* (Docket No. 31) in which he asks the Court to grant an extension to file a reply brief to Defendant's response in opposition to Plaintiff's *Motion to Amend*.

On November 13, 2019, Plaintiff filed a *First Motion for Leave to File an Amended Complaint*. (Docket No. 28). Defendant filed a timely response on November 27, 2019. (Docket No. 30). Pursuant to Local Rule 7-1(c)(3)(B), Plaintiff's reply was due by December 4, 2019. On December 12, 2019, Plaintiff filed the instant motion, indicating that due to the holiday and personal reasons he was unable to view the response until December 4, 2019. (Docket No. 31). He also asked for an extension of time due to an office move. (*Id.*).

A typical motion for extension of time (i.e., one that is filed *before* the deadline has passed) is subject to the good cause standard and, according to local rule must be filed at least three business days prior to the deadline and must indicate whether or not the opposing party agrees to the extension. Fed. R. Civ. P. 6(b); S.D. Ind. Local Rule 6-1. Once a party has missed the deadline they must meet the more stringent, excusable neglect standard. Fed. R. Civ. P. 6(b)(1)(B). "In determining whether a late filing is the result of excusable neglect, the district

1

court looks to whether there will be prejudice to the opposing party, the effect on the judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Crue v. Aiken*, 370 F.3d 668, 680 (7th Cir. 2004).

Here, Plaintiff's counsel has not acted with the utmost diligence. He was aware of the imminent office move for some time and he was also aware or should have been aware that, based on when he filed his *Motion to Amend the Complaint*, the briefing period would fall over the Thanksgiving holiday. However, the Court is also sympathetic of the personal reasons that Plaintiff's counsel has stated for the requested extension and does find that, in these circumstances, these reasons are sufficient reasons for the delay. The Court also finds that a small extension will not prejudice[1] the Defendants as it is in the interest of all the parties that this matter be decided on its merits. Plaintiff's opening motion (Docket No. 28) provided little-to-no bases as to his proposed amendments and was met with substantive opposition. (Docket No. 30). Thus, it could greatly affect this Court's ability to decide these issues on the merits if Plaintiff is not permitted to reply to that substantive opposition. However, the Court does not find an extension until January 23, 2020, is warranted. The Court will **GRANT in part** Plaintiff's request (Docket No. 31) and **ORDER** Plaintiff to file a reply brief by **January 8, 2020**.

Additionally, the Court has other subject matter jurisdiction concerns that have not been fully-addressed in Plaintiff's briefings to date. These concerns *do not* include the issues Defendants have raised in their response to Plaintiff's *Motion for Leave to Amend* (Docket No. 30), which the Court expects Plaintiff to address in the aforementioned reply brief. Plaintiff's

---

[1] The Court has considered Defendants' response in opposition (Docket No. 32) and notes while they claim prejudice, they cite none with particularity. Moreover, the Court is granting Plaintiff a considerably smaller extension than he has requested.

operative Complaint (Docket No. 1) alleges that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court notes the following issues with Plaintiff's jurisdictional allegations:

- Plaintiff alleges that at all times relevant he was a resident and citizen of the State of Indiana. (Docket No. 1 at ECF p. 1). Moreover, he alleges that Defendant, CenterPoint Energy, Inc., ("CenterPoint") is a Texas corporation with its principal place of business at Houston, Texas. (Docket No. 1 at ECF p. 1). He alleges that Vectren Corporation, ("Vectren") is an Indiana corporation with its principal place of business at Evansville, Indiana, and is a wholly owned subsidiary of CenterPoint. A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has a principal place of business. *See* 28 U.S.C. § 1332(c)(1). The Court infers, but cannot assume, that when Plaintiff avers the corporation is a "Texas corporation" or an "Indiana corporation," he means that they were incorporated in those states.

- Of greater concern, is that Plaintiff has provided no authority as to why diversity jurisdiction exists where the Plaintiff's place of citizenship is Indiana and a wholly-owned-subsidiary Defendant's place of citizenship is also Indiana. In fact, case law suggests otherwise. *See Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 914 (S.D. Ind. Aug. 6, 2008) (quoting *Topp v. Compare*, 814 F.2d 830, 835 (1st Cir. 1987) ("'[S]o long as the entity's corporate form is entitled to credibility *the nerve center test looks for the localized nerve center from which the corporation in issue is directly run*. If this were not so, every independent incorporated, wholly owned subsidiary which is part of a large conglomerate would be treated (for diversity jurisdiction purposes) as a mere division of a large company rather than a separate corporation.'").

The Court notes that in the briefing for the pending *Motion to Dismiss for Failure to State a Claim* (Docket No. 14) the parties make representations as to diversity jurisdiction that raise additional issues for this Court. For instance:

- Plaintiff's response to Defendants' motion to dismiss again avers that diversity is the basis for subject matter jurisdiction, but continues to aver the same citizenships for each Defendant as in the operative Complaint without explaining and citing to legal authority how Vectren being a wholly owned subsidiary affects the citizenship analysis. (Docket No. 24 at ECF pp. 8–9).

- Defendants' reply to Plaintiff's response raises, for the first time, that diversity jurisdiction does not exist. However, then Defendants aver that the Court has Federal question jurisdiction over the operative Complaint because Plaintiff's claim is preempted by the Employee Retirement Income Security Act ("ERISA").

3

(Docket No. 27 at ECF p. 2). Defendants aver that "[b]ecause interpretation of that Plan is required for the Court to adjudicate Plaintiff's claim, his action is preempted by ERISA, which confers federal jurisdiction, and must be dismissed for that reason." (*Id.*). "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citation omitted). The existence of a federal defense does not create federal jurisdiction. *Id.* An exception to the well-pleaded complaint rule exists "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* "Complete preemption permits 'recharacterization' of a plaintiff's state law claim as a federal claim so that removal is proper." *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998). "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Franciscan Skemp Healthcare, Inc., v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). But, "[i]f the connection between a state law claim and the benefit plan is too tenuous, remote, or peripheral, ERISA's preemption provision may not apply." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009).

The United States Supreme Court has set forth a two-part test for determining when a claim has been completely preempted by ERISA:

> [I]f an individual, at some point in time, could have brought his claim under ERISA [civil enforcement provision] § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Franciscan*, 538 F.3d at 597 (quoting *Davila*, 542 U.S. at 210)).

Because Defendants raise this issue of potential Federal Question Jurisdiction of the operative Complaint (Docket No. 1) in their reply brief, Plaintiff has not had an opportunity to respond as to his position on whether federal question subject matter jurisdiction exists as to that complaint.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the

4

underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisc. Housing and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement. . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

The Court **GRANTs in part** Plaintiff's request (Docket No. 31) and **ORDERS** Plaintiff to file a reply brief by **January 8, 2020**. In addition to addressing Defendant's response brief (Docket No. 30), Plaintiff must also address these extra issues that the Court has raised within Plaintiff's reply brief.

**SO ORDERED** this 13th day of December, 2019.

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record via email generated by the court's ECF system.