UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANDREW J. FRESON,<br><br>   Plaintiff,<br><br>v.<br><br>CENTERPOINT ENERGY, INC., a Texas Corporation<br><br>and<br><br>VECTREN CORPORATION, an INDIANA CORPORATION and WHOLLY OWNED SUBSIDIARY OF CENTERPOINT ENERGY, INC.<br><br>   Defendants. | Case No. 3:19-cv-75-RLY-MPB |

**REPLY OF DEFENDANTS CENTERPOINT ENERGY, INC. AND VECTREN CORPORATION TO THE MEMORANDUM IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants CenterPoint Energy, Inc. ("CenterPoint" or the "Company") and Vectren Corporation ("Vectren") (collectively, the "Defendants") respectfully submit this Reply to the Memorandum in Opposition of Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Memorandum") filed by Plaintiff Andrew J. Freson ("Freson" or "Plaintiff").

### I. **Plaintiff's Claim Is Preempted By ERISA, Which Provides Subject-Matter Jurisdiction, But Also Requires Dismissal.**

In his Memorandum, Plaintiff states that the Court's jurisdiction is based on diversity of citizenship because his Amended Complaint demonstrates that he was a citizen of the State of Missouri as of March 4, 2019.  *See* Dkt. No. 38 at 28.  He states further that by alleging this, the

Court does not need to undertake any "complicated fact analysis" regarding subject-matter jurisdiction. *Id.* The Court, however, cannot accept this invitation and is required to ensure that it has subject-matter jurisdiction before proceeding to examine the merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (holding that a court may not decide cause of action before resolving whether court has jurisdiction). Here, the Court does indeed have subject-matter jurisdiction, but not on the basis of diversity of citizenship as Plaintiff asserts.

As an initial matter, Plaintiff has failed yet again to provide a legally sufficient justification for why the allegations of Indiana citizenship in his Original Complaint "at all times relevant," *see* Dkt. No. 1 ¶ 1, should be ignored and the Court should now accept his representation that he is a Missouri citizen. Without a clear and compelling explanation, his allegations of Missouri citizenship should be rejected. *See Jones v. Bayer Healthcare LLC*, No. 08-2219 SC, 2009 WL 1186891, at *3 (N.D. Cal. May 4, 2009) (striking plaintiff's claim in amended complaint because it was factually inconsistent with plaintiff's claim in previous complaint); *Designing Health, Inc. v. Erasmus*, No. CV-98-4758 LGB (CWx), 2000 WL 35789501, at *9 (C.D. Cal. Oct. 31, 2000) ("[T]he Court is not required to accept as true allegations in an amended complaint that contradict an earlier complaint without explanation.") (quoting *Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1329 (9th Cir. 1981)).

In any case, Plaintiff's assertion that he sufficiently demonstrated that he was a citizen of the State of Missouri as of March 4, 2019 is false. Freson's Amended Complaint alleges only that he began working, renting, and occupying an apartment in Missouri as of March 4, 2019. *See* Dkt. No. 36 ¶ 1(b). Residency and citizenship are not equivalent, however. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's residency are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *Held*

*v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit.") (internal quotation marks omitted); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (same). Freson failed to assert any other indicia of Missouri domicile at the time his Original Complaint was filed, *see* Dkt. No. 36 ¶ 1, and he presents no new information or an argument to demonstrate that he properly alleged citizenship. Because Vectren is an Indiana citizen, and because Plaintiff has failed to allege he was a Missouri citizen at the time the Original Complaint was filed, complete diversity of citizenship between Plaintiff and all Defendants is absent, so the Court would lack federal subject-matter jurisdiction if that were the only grounds for jurisdiction. *See, e.g., Holz v. Terre Haute Reg'l Hosp.*, 123 F. App'x 712, 713-14 (7th Cir. 2005). However, federal-question jurisdiction exists because Plaintiff's claim is preempted by the Employee Retirement Income Security Act ("ERISA").

Federal-question jurisdiction is present where, as here, a court must adjudicate an ERISA preemption defense involving the plaintiff's state law causes of action. *See Cox v. Gannett Co., Inc.*, No. 1:15-cv-02075-JMS-DKL, 2016 WL 3165613, at *2 (S.D. Ind. June 7, 2016) ("[t]he Court…has federal jurisdiction over [plaintiff's] claims under the doctrine of ERISA preemption."). As described in Defendants' Motion to Dismiss, ERISA preempts "any and all State laws in so far as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *see also FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (ERISA preemption clause "establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee benefit plan governed by ERISA."). A state law "relates to" such a plan as long as "it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85,

3

96-97 (1983); *see also Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998) (a state law claim relates to an ERISA plan if it "requires the court to interpret or apply [its] terms.").

Section 6.10 of the Merger Agreement specifically references Vectren's Severance Guidelines, which were replaced and superseded by the Severance Plan adopted by CenterPoint around the time the merger closed. *See* Dkt. No. 37-3, Agreement and Plan of Merger § 6.10(a) (2018), attached as Exhibit 1 to Robert G. Lian, Jr. Declaration to Motion to Dismiss ("Lian decl."); *see also* Dkt. No. 37-5, CenterPoint Energy, Inc. Involuntary Severance Benefits Plan #616 § 1 (2018) ("All such prior severance plans, practices and policies, including the Vectren Severance Guidelines, are hereby superseded by this Plan, and discontinued and terminated with respect to Employees."), attached as Exhibit 3 to Lian decl. ("Severance Plan").

As discussed in Defendants' Motion to Dismiss and below, Freson has no claim under the Merger Agreement itself; rather, the Severance Plan is the only vehicle by which the benefits referenced in the Merger Agreement are made available to eligible employees. *Id.* Because the Severance Plan must be considered and applied in adjudicating Plaintiff's state law claims, it clearly has "a connection" to Plaintiff's claims to meet the standard for relatedness under ERISA preemption principles. *Shaw*, 463 U.S. at 97; *see also, e.g., Cornell v. BP Am. Inc.*, No. 14 C 2123, 2015 WL 5766931, at *6 (N.D. Ill. Sept. 30, 2015) (a state wage payment collection claim was preempted where the court would have to interpret the terms of the benefits plan in order to determine whether the plaintiff was entitled to benefits). The Court thus has federal-question subject-matter jurisdiction over Freson's state law claims because they are preempted by the ERISA. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996) ("Thus, federal subject matter jurisdiction exists if the complaint concerns an area of law "completely preempted" by federal law, even if the complaint does not mention a federal basis of jurisdiction.").

That same ERISA preemption principle that affords the Court jurisdiction, however, also mandates dismissal. *See Marsh Supermarkets, Inc. v. Marsh*, No. 1:09-cv-00458-SEB-TAB, 2010 WL 2985149, at *5 (S.D. Ind. July 23, 2010) (because the claim for relief had a "direct bearing on and relevance to sections of the Agreement governed by ERISA, [the] claim is subject to dismissal.").

## II. **Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted For Any Of His Three Causes of Action.**

### A. **Plaintiff's third-party beneficiary complaint for damages under the Merger Agreement must be dismissed because Plaintiff lacks standing to bring this claim.**

Even if Plaintiff's claim as a third-party beneficiary for damages under contract were not preempted, it must still be dismissed because Plaintiff has no standing to sue under the Merger Agreement. Plaintiff's argument that he should be allowed to maintain his cause of action as a third-party beneficiary because of alleged ambiguities in the Merger Agreement is meritless.

In general, only those who are parties to a contract, in privity with a party, or intended third-party beneficiaries have standing to sue for breach of a contract. *Harold McComb & Son, Inc. v. JPMorgan Chase Bank, NA*, 892 N.E.2d 1255, 1258 (Ind. Ct. App. 2008). Accordingly, standing as a third-party beneficiary exists only where (i) the parties intend to benefit a third party; (ii) the contract imposes a duty on one of the contracting parties in favor of the third party; and (iii) the performance of the terms renders to the third party a direct benefit intended by the parties to the contract. *See Alexander v. Linkmeyer Dev. II, LLC*, 119 N.E.3d 603, 613 (Ind. Ct. App. 2019); *St. Paul Fire & Marine Ins. Co. v. Pearson Constr. Co.*, 547 N.E.2d 853, 856 (Ind. Ct. App. 1989); *Garco Indus. Equip. Co., Inc. v. Mallory*, 485 N.E.2d 652, 654 (Ind. Ct. App. 1985). Plaintiff's Memorandum acknowledges the applicable Indiana law, yet he bases his claim entirely on the theory that he is an intended third-party beneficiary of the Merger Agreement because there are ambiguities in the Merger Agreement that suggest he has the right to proceed as a third-party

5

beneficiary.  There are no such ambiguities, however.  In fact, the plain language in the Merger Agreement directly and unambiguously disposes of his claim:

> **SECTION 9.07** **Entire Agreement; No Third-Party Beneficiaries.**  …[E]ach Party agrees that (i) its respective representations, warranties, covenants and agreements set forth herein are solely for the benefit of the other Parties, in accordance with and subject to the terms of this Agreement and (ii) *this Agreement is not intended to, and does not, confer upon any Person other than the Parties any rights or remedies hereunder, including the right to rely upon the representations and warranties set forth herein*.

Dkt. No. 17, Agreement and Plan of Merger § 9.07 (emphasis added).

Plaintiff has no standing as a third-party beneficiary because Section 9.07 makes abundantly clear that there is no intent to benefit him or any other employee.[1]  Nothing in the Memorandum suggests otherwise, and Plaintiff's Amended Complaint contains no allegation of fact from which the Court could conclude that Freson is an intended third-party beneficiary.  Courts in Indiana and the Seventh Circuit routinely reject claims by alleged third-party beneficiaries where the contract at issue contains language barring such or where the plaintiff cannot prove that he was an intended beneficiary.  *See, e.g., Ind. Gaming Co., L.P. v. Blevins*, 724 N.E.2d 274, 277-78 (Ind. Ct. App. 2000) (rejecting third-party beneficiary standing for plaintiff where contract contained language stating "[n]othing in this Agreement shall be construed as creating any rights or entitlement that inure to the benefit of any person or entity not a party of this Agreement (except Guarantor)."); *Advanced Ground Sys. Eng'g, Inc. v. RTW Indus., Inc.*, 388 F.3d 1036, 1042-43 (7th Cir. 2004) (finding that where there was a provision explicitly defining who could have the benefits of the agreement, outside parties would thereby not get those benefits); *Kirundi v. Assurant Specialty Prop.*, No. 3:09-cv-467, 2010 WL 1710649, at *3 (N.D. Ind. Apr. 26, 2010) (finding no

---

[1] The two exceptions to this provision are for (i) "the rights of the Company's shareholders and holders of Company Stock Units, Company Other Performance Units or Company Unpaid Performance Units to receive the Merger Consideration and payments pursuant to Article II" of the Merger Agreement and (ii) those privy to Section 6.09 of the Merger Agreement, which is entitled "Indemnification, Exculpation, and Insurance."  *Id.*  Neither of these exceptions apply to Freson's claim.

third-party standing in an insurance benefits case where the policy named the sole intended third-party beneficiary and the coverage letter revealed that the policy was only to protect the interests of the stated third parties); *Hawranek v. Haier US Appliance Sols., Inc.*, No. 1:17-cv-03347-JRS-MPB, 2019 WL 1429246, at *6 (S.D. Ind. Mar. 29, 2019) (granting summary judgment for defendant on third-party beneficiary claim alleging that plaintiffs were entitled to certain severance payments based on representations that defendant made to the government in the course of a review of merger conditions, where plaintiffs failed to offer any evidence of representations made to the government or any breach of those representations).

Nothing in Plaintiff's Memorandum supports his position that he should be allowed to proceed under the Merger Agreement in the face of such clear language foreclosing claims by third-party beneficiaries. His claim for breach of contract, therefore, must be dismissed.

### B. **Plaintiff has failed to establish causes of action for fraud and ERISA fraud.**

Plaintiff fails to address any of Defendants' arguments pertaining to his inability to establish causes of action for fraud and ERISA fraud.[2] As described more fully in Defendants' Memorandum in Support of its Motion to Dismiss, neither may survive.

A plaintiff must plead and prove five elements to maintain a cause of action for fraud: "1) the fraud feasor must have made at least one representation of past or existing fact; 2) which was false; 3) … the fraud feasor knew [the fact] to be false or made [the representation] with reckless disregard as to its truth or falsity; 4) … the plaintiff reasonably relied [on the representation]; …

---

[2] As discussed in more detail in Defendants' Motion to Dismiss, "ERISA fraud" is not a distinct or recognized statutory or common law claim. *See Enneking v. Schmidt Builders Supply Inc.*, 875 F. Supp. 2d 1274, 1285 (D. Kan. 2012) ("ERISA simply does not permit a claim for fraud as one of its enforcement mechanisms.") (citing 29 U.S.C. § 1332(a)); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) ("[S]ix carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted…provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.") (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 472 U.S. 134, 146 (1985)). Instead, Plaintiff's ERISA fraud claim must be interpreted under the same standard as his common law fraud claim. *See, e.g., Rubber Shop, Inc. v. Benicorp Ins. Co.*, No. 3:05-CV-279-RM, 2006 WL 346327, at *6 (analyzing "ERISA fraud" as "federal common law…fraud").

and [5] the reliance] harmed the plaintiff." *Heyser v. Noble Roman's, Inc.*, 933 N.E.2d 16, 19 (Ind. Ct. App. 2010) (citing *Scott v. Bodor, Inc.*, 571 N.E.2d 313, 319 (Ind. Ct. App. 1991)). Furthermore, a plaintiff must "state with particularity the circumstances constituting fraud…" Fed. R. Civ. P. 9(b). Although what constitutes "particularity" may depend on the facts of each case, a plaintiff must at least "use some means of injecting precision and some measure of substantiation into their allegations of fraud." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839-40 (7th Cir. 2018).

Here, Plaintiff's allegations of fraud are vague at best, and "vague allegations…are insufficient." *Agee v. Newtek Bus. Servs. Holdco 5, Inc.*, No. 1:18-cv-02641-JRS-TAB, 2019 WL 4737070, at *8 (S.D. Ind. Sept. 27, 2019). At most, Plaintiff alleges that he believed the language of the Merger Agreement meant he would eventually receive severance benefits. This constitutes a future representation that cannot give rise to a claim for fraud. *See Am. Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115-16 (Ind. Ct. App. 2008) (affirming dismissal of complaint for fraud where the action was based on a "promise of future conduct."). He does not allege that anybody at the Company or Vectren made any representations of past or existing fact that were knowingly false. He also does not explain how he relied on such a representation or how this reliance harmed him in any way, other than to hypothesize that perhaps Vectren wanted to induce him to stay in his job. *See* Dkt. No. 38 at 30. But motive is irrelevant to this analysis, and conclusory allegations of not "seeking other employment opportunities" based on "representations of continuing…employment" or potential promotions do not satisfy Rule 9(b)'s particularity requirement. *P.M.C., Inc. v. Ekstein*, No. 91 C 3709, 1992 WL 114945, at *3-4 (N.D. Ill. May 14, 1992). Moreover, upon learning of and rejecting a true representation of his new employment responsibilities, Freson voluntarily left the Company. Thus, there is no allegation of reliance on

an allegedly false misrepresentation, so his claim fails on that basis also. *See Rhoda v. N. Ind. Pub. Serv. Co.*, 357 N.E.2d 287, 289 (Ind. Ct. App. 1976) ("Fraud without injury does not give rise to a cause of action.") (citing *Miller Jewelry Co. v. Dickson*, 42 N.E.2d 398, 402 (Ind. Ct. App. 1942)).

His "ERISA fraud" claim is similarly deficient, alleging nothing other than that the Merger Agreement and Severance Plan are two distinct documents. But the Company has never claimed otherwise, given that the Merger Agreement sets forth the applicable terms and conditions related to the merger between CenterPoint, Vectren, and Pacer Merger Sub., while the Severance Plan is an ERISA-governed plan that sets forth the terms and conditions related to providing severance benefits for eligible terminated employees. The mere fact that there are two separate but co-existing documents does not satisfy the elements of a fraud claim under Indiana law or the pleading requirements of Federal Rule of Civil Procedure 9(b).

His claims for fraud and ERISA fraud therefore fail to state claims upon which relief should be granted, and they must be dismissed.[3]

---

[3] Even though Plaintiff's claims are preempted under the ERISA and otherwise fail as a matter of law, Freson is not without opportunity for remedy. CenterPoint has now fully processed Freson's original administrative claim for benefits under the Severance Plan. In particular, plaintiff may bring a cause of action under ERISA challenging the Severance Plan Administrator's decision on his claim.

## III.     Conclusion

For the reasons discussed above and in Defendant's Motion to Dismiss, Freson's claims should be dismissed because they are preempted by the ERISA and fail to state claims upon which relief may be granted.

Dated: March 6, 2020

                Respectfully submitted,

                */s/ Robert G. Lian, Jr.*
                Robert G. Lian, Jr. (*pro hac vice*)
                Akin Gump Strauss Hauer & Feld LLP
                2001 K Street, N.W.
                Washington, DC 20006
                Direct: (202) 887-4358
                Fax: (202) 887-4288
                Email: blian@akingump.com

                Reed S. Schmitt (Indiana Bar No. 2173-82)
                Dentons Bingham Greenebaum LLP
                One Main Street, Suite 600
                Evansville, IN 47708
                Direct: (812) 802-5821
                Fax: (812) 437-6717

                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on March 6, 2020, I electronically filed the foregoing Reply of Defendants CenterPoint Energy, Inc. and Vectren Corporation to Plaintiff's Opposition of Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send electronic filing to all counsel of record.

*/s/ Robert G. Lian, Jr.*
Robert G. Lian, Jr.