UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANDREW J. FRESON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   3:19–cv-75-MPB-RLY |
| | ) |
| CENTERPOINT ENERGY INC., | ) |
| a Texas Corporation | ) |
| | ) |
| and | ) |
| | ) |
| VECTREN CORPORATION, | ) |
| an INDIANA CORPORATION and | ) |
| WHOLLY OWNED SUBSIDIARY OF | ) |
| CENTERPOINT ENERGY, INC. | ) |
| | ) |
| Defendants. | ) |

**FIRST MEMORANDUM IN SUPPORT OF
PLAINTIFF'S FIRST MOTION TO AMEND
ORDER ON DEFENDANTS'
MOTION TO DISMISS**

## I. Introduction

On July 20, 2020, the Court filed as Document 41 its Order On Defendants' Motion To Dismiss. Plaintiff Andrew J. Freson filed Plaintiff's First Motion To Amend Order On Defendants' Motion To Dismiss pursuant to Rule 59(e) of the Federal Rules Civil Procedure.

## II. Facts

Plaintiff filed his Original Complaint on April 9, 2019, and Amended Complaint on January 31, 2020, as Document 36.

On February 6, 2019, Plaintiff Andrew J. Freson by letter to Defendants, and each of them,

requested severance benefits.

Susan B. Ortenstone, (hereinafter Ortenstone), as Plan Administrator of CenterPoint Energy, Inc., Involuntary Severance Benefits Plan #616, and as Senior Vice President and Chief Human Resources Officer of CenterPoint Energy, Inc., by letter to Freson dated April 4, 2019, denied the claim. Ortenstone treated Freson's February 6, 2019 letter as a claim under the Plan and denied the supposed claim.

By letter dated May 14, 2019, Freson objected to the procedure and requested reconsideration and appeal.

By letter dated June 8, 2019, the supposed claim was again denied. This letter indicated the administrative procedure had been exhausted and suit might be filed.

### III. Law

Plaintiff relies on the reasoning and analysis in the cases of <u>Wilczynski v. Kemper Nat'l Ins. Cos.</u>, No. 94 C 3146, 1995 WL437503 (N.D. Ill. July 21, 1995) (hereinafter "<u>Wilczynski</u>") and <u>McDonald v. Household Intern., Inc.</u> 425 F3d 424 (7th Cir. 2005) (hereinafter "<u>McDonald</u>").

It is noted that in each case the Court had given the employee an opportunity to file an amended complaint. Even after that opportunity was not exercised, the issue addressed was should the cases be dismissed with or without prejudice.

The primary question seems to be could employee file an amended complaint that would meet the exhaustion of administrative remedies requirement.

In <u>Wilczynski</u>, the trial Court dismissed employee's Amended Complaint because no set of additional facts that existed on the date of dismissal could cure the complaint.

In <u>McDonald</u> the Court stated that although ERISA preempted the state tort and contract

claims dismissal was premature and employee should be entitled to go forward and litigate the claim under ERISA (page 425) Employee was extended the opportunity to file an amended complaint within thirty (30) days of the order which employee declined (page 426).

## IV Argument

Plaintiff believes that he should have an opportunity to file an amended complaint alleging the Employment Retirement Security Act of 1974 (hereinafter "ERISA") forms the basis of his claim. The court has found jurisdiction due to ERISA preemption.

Plaintiff had exhausted the administrative remedies at the filing of the 7-20-2020 order (Document 41). Although he had not met the exhaustion requirement at the time of bringing suit, such should not be fatal to filing an amended complaint demonstrating exhaustion of remedies at the time of the July 7, 2020, order of the Court.

The Court has exclusive jurisdiction by the Court order. The purpose of the exhaustion requirement has been met. Thirty (30) days is a reasonable time to file an amended complaint as the Court offered in McDonald. There exist facts that the Plaintiff can demonstrate showing an exhaustion of the administrative remedies at the time of the order in question. It is noted that in neither Wilczyski nor McDonald did the employee complete the review process and no final administrative decision had been made.

## V. Conclusion

The motion of Plaintiff should be granted allowing the filing of an amended complaint within thirty (30) days demonstrating that administrative remedies had been exhausted prior to July 20, 2020.

        **Respectfully submitted,**

        */S/ RONALD J. FRESON*
        *Ronald J. Freson  6988-82*
        **Attorney at Law**
        **420 Main Street, Suite 1205**
        **Evansville, IN  47708**
        Telephone:  (812) 424-3593
        Fax:          (812) 424-5589
        Email:      ron@fresonlaw.com
        **ATTORNEY FOR PLAINTIFF**
        **ANDREW J. FRESON**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of August, 2020, a copy of the foregoing **FIRST MEMORANDUM IN SUPPORT OF PLAINTIFF'S FIRST MOTION TO AMEND ORDER ON DEFENDANTS' MOTION TO DISMISS**, was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  The following are those who are currently on the list to receive e-mail notices for this case.

        **Reed S. Schmitt**
        **Bingham Greenebaum Doll LLP**
        **One Main Street, Suite 600**
        **Evansville, IN 47708**

        **Robert G. Lian, Jr.**
        **Akin Gump Strauss Hauer & Feld LLP**
        **2001 K Street, N.W.**
        **Washington, DC 20006**

        **Trisha S. Dudlo**
        **BINGHAM GREENEBAUM DOLL LLP (Evansville)**
        **tdudlo@bgdlegal.com,sfullerton@bgdlegal.com**

        /S/ RONALD J. FRESON
        *Ronald J. Freson  6988-82*