**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| ANDREW J. FRESON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CENTERPOINT ENERGY, INC., a Texas Corporation<br><br>　　and<br><br>VECTREN CORPORATION, an INDIANA CORPORATION and WHOLLY OWNED SUBSIDIARY OF CENTERPOINT ENERGY, INC.<br><br>　　　　　Defendants. | Case No. 3:19-cv-75-RLY-MPB |

**OPPOSITION TO PLAINTIFF'S FIRST MOTION TO AMEND ORDER ON DEFENDANTS' MOTION TO DISMISS**

Defendants CenterPoint Energy, Inc. ("CenterPoint" or the "Company") and Vectren Corporation ("Vectren") (collectively, the "defendants") respectfully submit this Opposition to Plaintiff's First Motion to Amend Order on Defendants' Motion to Dismiss filed by Plaintiff Andrew J. Freson ("Freson" or "plaintiff").

As to plaintiff's request for an extension to file an amended complaint, given how long this case has already been pending, the amount of time the Court has already provided to plaintiff to file an amended pleading, and the lack of any reasonable justification for the extension, no extension is warranted. If the Court is inclined to grant an extension, two additional weeks (rather than 30 days) should be more than sufficient.

Regarding the other relief requested in plaintiff's motion, it too is unnecessary, without justification, and the request should be denied. The Court has already granted plaintiff the right to file a claim under the Employee Retirement Income Security Act ("ERISA"), with an opportunity to plead the necessary administrative exhaustion requirements. Accordingly, plaintiff needs no further order or relief to attempt to establish such a claim. Whether plaintiff meets or fails to meet ERISA's exhaustion requirements, or can plead the other elements of a claim, can only be addressed after plaintiff actually files an amended complaint asserting a claim. To the extent that plaintiff in his motion seeks a *finding* that he has indeed exhausted his administrative remedies, such a request – in the absence of a properly pled claim *and admissible evidence* that would support such a finding – is premature, procedurally improper, and wholly inappropriate. In effect, plaintiff appears to be seeking summary judgment on the exhaustion question before an ERISA complaint is even filed and in the absence of any evidence that would support such a finding. Once plaintiff files a complaint asserting an ERISA claim, the Court can consider any arguments and evidence about the propriety of any pleading of exhaustion of administrative remedies or otherwise. In the meantime, plaintiff's motion to amend the Court's order on defendants' motion to dismiss must be denied.

Dated: August 17, 2020

        Respectfully submitted,

        */s/ Robert G. Lian, Jr.*
        Robert G. Lian, Jr. (*pro hac vice*)
        Akin Gump Strauss Hauer & Feld LLP
        2001 K Street, N.W.
        Washington, DC 20006
        Direct: (202) 887-4358
        Fax: (202) 887-4288
        Email: blian@akingump.com

Reed S. Schmitt (Indiana Bar No. 2173-82)
Dentons Bingham Greenebaum LLP
One Main Street, Suite 600
Evansville, IN 47708
Direct: (812) 802-5821
Fax: (812) 437-6717

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that, on August 17, 2020, I electronically filed the foregoing Opposition of Defendants CenterPoint Energy, Inc. and Vectren Corporation to Plaintiff's First Motion to Amend Order on Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send electronic filing to all counsel of record.

*/s/ Robert G. Lian, Jr.*
Robert G. Lian, Jr.