UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ANDREW J. FRESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00075-MPB-RLY |
| | ) | |
| CENTERPOINT ENERGY INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S FIRST MOTION TO AMEND/CORRECT ORDER**

Plaintiff Andrew Freson has filed a *First Motion to Amend Order on Defendants' Motion to Dismiss*, which he has filed pursuant to Federal Rules of Civil Procedure 59(e). (Docket No. 42). The request is **DENIED** for the reasons that follow.

On July 20, 2020, the court granted Defendants' motion to dismiss and dismissed Freson's complaint without prejudice. (Docket No. 41). The court ruled that Freson may file an amended complaint which adequately pleads exhaustion issues prior to the original filing of this suit. (*Id.* at ECF p. 21). The court indicated that if no amended complaint was filed on or before August 3, 2020, Freson's action would be dismissed with prejudice, but that "[a] dismissal with prejudice based on exhaustion requirements will not alone bar a subsequent filing of a similar action if Freson subsequently exhausts his administrative remedies." (*Id.* (citations omitted)).

Freson now argues that the order should be revised to read that he may file an amended complaint which adequately pleads exhaustion issues "prior to the July 20, 2020, Order on Defendants' Motion to Dismiss" instead of "prior to the original filing of this suit." (Docket No. 42 at ECF p. 1). He concedes that he had not met the exhaustion requirement at the time of bringing suit, but that he had exhausted prior to the July 20, 2020 order on Defendants' Motion

1

to Dismiss. (Docket No. 43 at ECF p. 3). He also seeks thirty (30) days from any amended order to file an amended complaint. (*Id.*).

## I. LEGAL STANDARD

Freson has brought his motion under Rule 59(e) of the Federal Rules of Civil Procedure. However, Rule 59(e) only applies when a party seeks the reconsideration of a ruling that was accompanied with a final judgment. *See* Fed. R. Civ. P. 59(e); *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010) ("We have often held that the simple dismissal of a complaint does not terminate the litigation") (quotation omitted). In its order dismissing Freson's complaint without prejudice, the court made it clear that if no amended complaint was filed on or before August 3, 2020, then Freson's action would be dismissed with prejudice. *Abcarian*, 617 F.3d at 943 ("If the district court clearly intended its order of dismissal to dispose of the entire action, not merely the complaint itself, there exists a final and appealable judgment[.]"). Thus, the court has not yet issued judgment in this case and cannot consider Freson's motion under Rule 59(e).

The court instead construes Freson's motion as a motion to reconsider. The Seventh Circuit has noted that "[t]echnically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure." *GHSC Assocs. Ltd. P'ship v. Wal-Mart Stores, Inc.*, 29 Fed. Appx. 382, 384 (7th Cir. 2002). However, Rule 54(b) of the Federal Rules of Civil Procedure "governs non-final orders and permits revision at any time prior to the entry of judgment. . ." *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). These motions are appropriate where the court has: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented to the court by the parties, or (3) made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## II.   ANALYSIS

Freson argues that the relevant timing for exhaustion of administrative remedies is the "date of the judgment" and not the inception of the case. As the court outlined in its entry on Defendants' *Motion to Dismiss*, exhaustion of administrative remedies is a prerequisite to filing a suit for benefits under ERISA. *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012) (upholding district court decision requiring "exhaustion as a *prerequisite* to bringing suit" under ERISA) (emphasis added). The exhaustion requirement "has long been recognized" in the Seventh Circuit. *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000); *see also*, *Powell v. AT&T Comm., Inc.*, 938 F.2d 823, 825 (7th Cir. 1991); *Eaton v. Onan Corp.*, 117 F. Supp. 2d 812, 838 (S.D. Ind. 2000). Requiring the exhaustion of administrative remedies prior to commencing a civil suit serves several important policy and practical purposes. First, it "encourages informal, non-judicial resolution of disputes about employee benefits." *Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 360 (7th Cir. 2011). This is consistent with the purpose of the statute because "the institution of . . . administrative claim-resolution procedures was apparently intended by Congress to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a non-adversarial method of claims settlement; and to minimize the cost of claims settlement for all considered." *Id.* (quoting *Kross v. Western Elec. Co.*, 701 F.2d 1238, 1244–45 (7th Cir. 1983)). The administrative remedy exhaustion prerequisite also helps to "prepare the ground for litigation in case administrative dispute resolution proves unavailing" because "[c]ompelling parties to exhaust administrative remedies can help a court by requiring parties, in advance of bringing suit, 'to develop a full factual record' and by enabling the court to 'take advantage of agency expertise.'" *Id.* at 361 (quoting *Janowski v. Int'l Bhd. of Teamsters*

3

*Local No. 710 Pension Fund*, 673 F.2d 931, 935 (7th Cir. 1982), *vacated on other grounds*, 463 U.S. 1222 (1983)).

The court did not make a misapprehension of law in dismissing Freson's complaint without prejudice and giving two weeks to file an amended complaint that adequately plead exhaustion issues prior to this action being filed. Thus, Freson's *First Motion to Amend Order on Defendants' Motion to Dismiss* (Docket No. 42) is **DENIED**. The court noted in its July 20, 2020 entry that if Freson did not file an amended complaint by August 3, 2020, the action would be dismissed with prejudice. The court also noted that a dismissal with prejudice based on exhaustion requirements would not alone bar a subsequent filing of a similar action if Freson subsequently exhausted his administrative remedies. No amended complaint has been filed. In fact Freson's briefing here concedes he had not exhausted his administrative remedy prior to commencing this action; thus, the court will enter judgment of dismissal with prejudice by separate entry.

**SO ORDERED** this 8th day of Decembers, 2020.

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record via email generated by the court's ECF system.